United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-10721
_____

VICTOR ALVARADO DELEON; DARCEDALIA ALVAREZ,

Plaintiffs - Appellees,

versus

CITY OF DALLAS; ET AL.,

Defendants,

MARK DE LA PAZ, Dallas Police Officer (#6378),

Defendant - Appellant.
_____

Appeal from the United States District Court
for the Northern District of Texas, Dallas
USDC No. 3:02-CV-1097
_____

Before JOLLY, DAVIS, AND WIENER, Circuit Judges.

PER CURIAM:[*]

This interlocutory appeal concerns whether the district court properly denied Dallas police officer Mark De La Paz's qualified immunity defense. Because we conclude that DeLeon adequately pleaded false arrest but failed to plead an equal protection violation, we affirm in part and reverse in part.

To defeat De La Paz's qualified immunity defense on his false arrest claim, DeLeon's complaint must allege (1) facts that focus

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

specifically on De La Paz's conduct in causing his injury, (2) particular factual allegations that bring De La Paz within the purview of the false arrest claim, and (3) factual allegations demonstrating that the individual's statements were false. Because it is clear from the face of the complaint that DeLeon has done so, the district court was correct to deny the qualified immunity defense on this claim, and it did not err in refusing to order a Rule 7(a) reply.

Turning to the equal protection claim, DeLeon's allegation that he was singled out because of his national origin is only conclusory and states no specific facts to show that De La Paz was motivated by a discriminatory motive. Therefore we find that the district court abused its discretion in denying De La Paz's qualified immunity defense on this claim.

In regard to other issues raised by the parties, we reject De La Paz's collateral estoppel argument, because although it is true that DeLeon's claims against two other officers were dismissed, see DeLeon v. City of Dallas, 141 F. App'x 258 (5th Cir. 2005) (unpublished), the facts surrounding De La Paz's alleged conduct here are quite different. Next, notwithstanding DeLeon's argument to the contrary, De La Paz's appeal was timely filed. Finally, this court does not currently have jurisdiction over issues related to DeLeon's second incarceration.

Accordingly, the judgment of the district court is

AFFIRMED in part, REVERSED in part, and REMANDED.